UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Gregory Anderson,<br><br>Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC,<br><br>Defendant. | Case No. |

# COMPLAINT

NOW COMES Plaintiff, Gregory Anderson ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendant Equifax Information Services, LLC ("Equifax").

## Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## Parties

2. Plaintiff is a natural person at all times relevant residing in the City of Camano Island, in Island County, in the State of Washington.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined

by 15 U.S.C. § 1681a(c).

4. Defendant Equifax Information Services, LLC is a corporation conducting business in the State of Washington and is headquartered in Atlanta, Georgia.

5. Defendant Equifax is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

6. Defendant Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

7. Defendant Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant Equifax is a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(f).

9. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

Jurisdiction and Venue

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered within this District and a substantial part of the events or omissions

giving rise to the claims occurred within this District.

## Factual Allegations

12. Plaintiff is a consumer who is the victim of inaccurate reporting by Equifax and has suffered particularized and concrete harm in the form of loss of credit, defamation, and loss of reputation.

13. CRAs, including Equifax, have a duty under the FCRA to follow reasonable procedures to assure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. § 1681e(b).

14. On December 18, 2024, Plaintiff and Bank of America entered into a written settlement agreement concerning Plaintiff's Bank of America credit-card account ending in 1870 (the "Account").

15. Under the settlement agreement, Bank of America agreed to accept $2,550.00 in settlement of the Account, payable in four installments of $637.50 each.

16. Plaintiff made each of the four required payments, totaling $2,550.00, and thereby fully performed his obligations under the settlement agreement.

17. The settlement agreement provided that, after receipt of the final payment, Bank of America would notify the consumer reporting agencies that the Account had been settled for less than the full balance.

18. Despite Plaintiff's full performance, Equifax reported inaccurate or

materially misleading information concerning the Account.

19. Specifically, Equifax reported the Account as "Charge Off" with a reported balance and amount past due of $2,370.00.

20. This reporting was inaccurate or materially misleading because Plaintiff had completed all payments required by the settlement agreement and no further amount was due under its terms.

21. Equifax's reporting represented that Plaintiff continued to owe $2,370.00 and remained currently delinquent on an Account that Plaintiff had satisfied pursuant to the settlement agreement.

22. On June 26, 2026, Plaintiff mailed a written dispute to Equifax identifying the Bank of America Account ending in 1870 and specifically disputing the reported charge-off status, payment history, and $2,370.00 balance.

23. In his dispute, Plaintiff advised Equifax that he had settled the Account with Bank of America and had made all payments required to fulfill the settlement.

24. Plaintiff included additional documentation with his dispute to assist Equifax in researching the matter and requested that Equifax update its records accordingly.

25. Equifax received Plaintiff's dispute and supporting documentation, thereby receiving actual notice that Plaintiff challenged the accuracy of the reported balance and current status of the Account.

26. Nevertheless, Equifax failed to correct the inaccurate or materially

misleading information concerning the Account.

27. Plaintiff's August 19, 2026, consumer report reflects that Equifax continued to report the Bank of America Account ending in 1870 as "Charge Off," with a current payment status of "Collection/Charge-off" and an amount past due of $2,370.00.

28. Equifax's continued reporting of the $2,370.00 amount past due and current charge-off status after receiving Plaintiff's dispute and supporting documentation demonstrates that Equifax failed to conduct a reasonable reinvestigation and/or failed to employ reasonable procedures to assure maximum possible accuracy.

COUNT I – Equifax
Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

29. As a direct and proximate result of Equifax's inaccurate reporting and failure to reasonably reinvestigate Plaintiff's dispute, Plaintiff suffered concrete harm, including damage to his credit and reputation, emotional distress, and interference with his normal and usual activities.

30. After receiving Plaintiff's dispute, Equifax failed to correct the inaccurate information regarding the Account appearing on Plaintiff's consumer report.

31. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report(s) and credit file(s) that Equifax published and maintained concerning Plaintiff.

32. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

33. Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

34. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

35. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

COUNT II – Equifax
Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.9

37. After receiving Plaintiff's dispute, Equifax failed to correct the inaccurate information regarding the Account appearing on Plaintiff's consumer report.

38. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

39. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40. Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: August 29, 2026

By: /s/ Mark Carey
Mark A. Carey
Law Offices of Mark A. Carey
5600 Roswell Road, Building C
Sandy Springs, GA 30342
Tel: (716) 853-9243
Email: markcareylaw@ymail.com

Attorneys for Plaintiff,
Gregory Anderson